UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLCO FINANCE LIMITED,<br>    *Plaintiff,*<br>    *v.*<br>DANIEL C. ETSY,[1] in his official capacity as<br>Commissioner of the Connecticut Department of<br>Energy and Environmental Protection,<br>    *Defendant.* | Civil No. 3:13cv1874 (JBA)<br><br>July 2, 2014 |

**RULING ON MOTIONS TO INTERVENE**

Fusion Solar Center LLC ("Fusion Solar") and Number Nine Wind Farm LLC ("Number Nine") move [Doc. ## 28, 29] to intervene as of right under Rule 24(a)(2) or for permissive intervention under Rule 24(b) to oppose Plaintiff Allco Finance Limited's ("Allco") complaint.  Greenskies Renewable Energy LLC ("Greenskies") moves [Doc. # 35] for permissive intervention for the limited purposes of objecting to Allco's request for discovery and seeking to modify the protective order in this case in order to protect its trade secrets.  For the reasons that follow, all three motions for permissive intervention are granted.

I.      **Background**

In June 2013, the Connecticut legislature adopted Public Act 13-303, *An Act Concerning Connecticut's Clean Energy Goals.* P.A. 13-303.  Section 6 of that Act ("Section Six") authorized the Commissioner of the Connecticut Department of Energy and Environmental Protection ("DEEP") to solicit proposals from providers of Class I

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Robert Klee, who became Commissioner in January 2014, should be substituted for Daniel C. Etsy as the defendant in this suit.  The Clerk is directed to amend the caption accordingly.

renewable energy sources to meet up to four percent of the load distributed by the state's electric distribution companies, if the Commissioner found such proposals to be in the interests of ratepayers.  In July 2013, the Commission solicited proposals and ultimately selected projects by Fusion Solar and Number Nine.  Plaintiff submitted five proposed projects, none of which were selected.

Upon selecting Fusion Solar and Number Nine, the Commission directed Connecticut's electric distribution companies to execute power purchase agreements with them for energy and renewable energy credits.  Plaintiff contends that under the Federal Power Act, the Federal Energy Regulatory Commission ("FERC") has exclusive jurisdiction over wholesale electricity rates, charges, and terms and preempts state regulations within the field of wholesale electricity sales.  (Am. Compl. [Doc. # 25] ¶ 7.) By directing utility companies to enter into power purchase agreements with Solar Fusion and Number Nine at particular prices, Plaintiff contends that "the Commissioner intruded on the FERC's exclusive jurisdiction to regulate wholesale electric energy prices" in violation of the Supremacy Clause of the United States Constitution (*id.* ¶ 79) and by rejecting its lower-priced bid "impermissibly discriminated" against it in violation of 42 U.S.C. § 1983 (*id.* ¶ 101).

II.     **Discussion**

As the bidders selected by Defendant under the process challenged by Plaintiff, Fusion Solar and Number Nine contend that they have substantial financial interests in this action that entitles them to intervene as of right or permissively.  Greenskies moves to intervene for the limited purpose of seeking to protect its trade secrets from civil discovery and its motion will be discussed in turn.

## A.      Intervention of Right

Rule 24(a) provides a four-part test for intervention as of right: (1) a timely motion by a person who (2) "claims an interest relating to the property or transaction that is the subject of the action, and [3] is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, [4] unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2); *see also MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006).  "All four parts of the test must be satisfied to qualify for intervention as of right." *Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96 (2d Cir. 1990).

### 1.      Timeliness

"Factors to consider in determining timeliness include: '(a) the length of time the applicant knew or should have known of [its] interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to [the] applicant if the motion is denied; and (d) [the] presence of unusual circumstances militating for or against a finding of timeliness.'" *MasterCard*, 471 F.3d at 390 (quoting *United States v. New York,* 820 F.2d 554, 557 (2d Cir. 1987) (alterations in original)). "The determination of the timeliness of an application to intervene is committed to the sound discretion of the trial court." *Farmland Dairies v. Comm'r of New York State Dep't of Agric. & Markets*, 847 F.2d 1038, 1043–44 (2d Cir. 1988).  "It is firmly established that the most significant criterion in determining timeliness is whether the delay in moving for intervention has prejudiced any of the existing parties."  *Hartford Fire Ins. Co. v.*

*Mitlof*, 193 F.R.D. 154, 160 (S.D.N.Y. 2000) (quoting *United States v. Int'l Bus. Machines Corp.*, 62 F.R.D. 530, 541–42 (S.D.N.Y. 1974)).

Fusion Solar and Number Nine moved to intervene in this action just over three months after it was commenced and before Defendant had filed an answer or motion to dismiss and both represent that they will abide by the schedule currently in place. (Fusion Solar's Mem. Supp. [Doc. # 28-1] at 6; Number Nine's Mem. Supp. [Doc. # 29-1] at 6.)  Plaintiff contends that intervention will prejudice it because Defendant has now filed a motion to dismiss and "[i]f the Movants are permitted to intervene, they will seek to raise other issues (as they already have started to do), unduly delaying the proceeding and unduly prejudicing the Plaintiff.  Further, the addition of two parties at this stage of the proceeding will unduly delay the resolution of this case either by settlement or by a decision from this Court."  (Pl.'s Opp'n to Fusion Solar & Number Nine [Doc. # 32] at 9–10.)  This argument, however, speaks to Plaintiff's preference to avoid intervention in general and does not claim specifically that the timing of this motion has caused it prejudice.  Given that Fusion Solar and Number Nine moved to intervene at an early state of this case and their representation that they will abide by the scheduling order already in place, the Court concludes that their motion to intervene is timely.

### 2.    *Interest Related to Transaction and Potential Impairment*

"For an interest to be cognizable by Rule 24(a)(2), it must be 'direct, substantial, and legally protectable.'"  *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010) (quoting *Wash. Elec. Coop., Inc..*, 922 F.2d at 97).  The inquiry into impairment of interest looks to "the practical disadvantage suffered, and does not require the would-be intervenor to go so far as to show that *res judicata* principles would affect any later suit

4

they might bring." *Maryland Cas. Co. v. W.R. Grace & Co.*, No. 88 CIV. 4337 (JSM), 1996 WL 34154, at *2 (S.D.N.Y. Jan. 30, 1996).  Fusion Solar and Number Nine contend that they have a direct and legally protectable interest in this action as a result of their power purchase agreements, that these interests could be impaired if these agreements are nullified as a result of this suit and they would suffer significant financial harm as a result. (Fusion Solar's Mem. Supp. at 7; Number Nine's Mem. Supp. at 7.)

Plaintiff does not contest that Fusion Solar and Number Nine have such an interest, but rather contends that this interest is adequately represented by existing parties in the action, and thus will not be impaired absent intervention.  Defendant is represented by the Connecticut Office of the Attorney General.  Additionally, the Connecticut Office of Consumer Counsel ("OCC"), an agency authorized "to act as the advocate for consumer interests in all matters which may affect Connecticut consumers with respect to public service companies [including] electric suppliers" has already intervened in this case.[2] Conn. Gen. Stat. § 16-2a.

The proposed intervenors maintain that existing parties will be unable to adequately represent their interests notwithstanding their acknowledgement that "it can be reasonably anticipated that [they] will assert a defense of the manner in which DEEP implemented Public Act 13-303."  They contend that OCC and Defendant only have a "general interest in defending DEEP's Order and the renewable energy program" but they do not share the proposed intervenors' financial interest in protecting their specific agreements and their interests "might become inconsistent, if not adverse: [OCC's and

---

[2] The Court granted [Doc. # 22] OCC's motion to intervene with Plaintiff's consent.

Defendant's] interest may lie in upholding the renewable energy program at the expense of [the] particular agreements." (Fusion Solar Solar's Mem. Supp. at 9–10; Number Nine's Mem. Supp. at 9–10.)

"While the burden to demonstrate inadequacy of representation is generally speaking 'minimal,' [the Second Circuit has] demanded a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001) (quoting *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10 (1972)). "Where there is an identity of interest, as here, the movant to intervene must rebut the presumption of adequate representation by the party already in the action." *Id.* at 179– 80. "Although perhaps not an exhaustive list, . . . evidence of collusion, adversity of interest, nonfeasance, or incompetence may suffice to overcome the presumption of adequacy." *Id.* at 180.

The proposed intervenors' argument that existing parties will be unable to adequately represent their interests is based upon speculation that Defendant and OCC might in some unspecified way sacrifice the Fusion Solar and Number Nine contracts in order to salvage the larger program. There is no evidence offered in support of this outcome, and presumably, Defendant would have an interest in protecting the contracts that he decided to award after a competitive bidding process.[3]   Intervenors' speculative concerns are insufficient to rebut the presumption that the existing parties will adequately

---

[3] Plaintiff contends that the proposed intervenors have misunderstood Plaintiff's claim, which is not that Section Six "is pre-empted or unconstitutional" in general but rather that "it is Defendant's actions taken under Section 6 that are pre-empted." (Pl.'s Opp'n to Fusion Solar & Number Nine at 1.)

represent their interest.  *See Washington Elec. Co-op., Inc.*, 922 F.2d at 98 ("Where there is an identity of interest between a putative intervenor and a party, adequate representation is assured."); *see also Natural Res. Def. Council, Inc. v. New York State Dep't of Envtl. Conservation*, 834 F.2d 60, 62 (2d Cir. 1987) ("In this case API may be motivated to defend the plaintiffs' suit because of economic interests not necessarily shared by the state and federal defendants, but there has been no showing that the nature of those economic interests is related to colorable legal defenses that the public defendants would be less able to assert.").  Therefore, the motion to intervene as of right is denied.

      **B.**      **Permissive Intervention**

On a timely motion, a court has the discretion to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  "Reversal of a denial of permissive intervention is only appropriate where the district court exceeds its broad discretion," *Washington Elec. Co-op., Inc.*, 922 F.2d at 98, and the "principal consideration," *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978), for a court is "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3). As discussed above, Fusion Solar and Number Nine meet the first requirement for permissive intervention in that their motion was timely and their intervention will not delay the adjudication of this action or prejudice existing parties, because they have agreed to abide by the existing scheduling order.  Moreover, given that the putative intervenors were awarded two contracts under procedures challenged by Plaintiff, their defense shares the same or similar questions of fact and law with the main action.

Although Plaintiff contends that the existing parties' adequate representation precludes permissive as well as mandatory intervention, "Rule 24(b) does not list inadequacy of representation as one of the considerations for the court" in exercising its discretion under Rule 24(b) and although a court may consider it, "it is clearly a minor factor at most." *United States v. Columbia Pictures Indus., Inc.*, 88 F.R.D. 186, 189 (S.D.N.Y. 1980); *see also South Dakota v. United States DOI*, 317 F.3d 783, 787 (8th Cir. 2003) ("Although the adequacy of protection is only a minor variable in the Rule 24(b) decision calculus, it is not an illegitimate consideration." (citing *Brennan*, 579 F.2d at 191). Thus, while existing adequate representation may militate against allowing permissive intervention, such intervention may still be appropriate if the addition of the intervenors will "assist in the just and equitable adjudication of any of the issues between the parties." *H.L. Hayden Co. v. Siemens Medical Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986).

Most importantly, intervention will not delay this action or prejudice any party, and to the contrary, given the involvement of Fusion Solar and Number Nine in the process being challenged and their specialized knowledge of the legal issues presented, their addition to this case will assist the Court in reaching a just and speedy adjudication of this matter. *See Ass'n of Connecticut Lobbyists LLC v. Garfield*, 241 F.R.D. 100, 103 (D. Conn. 2007) ("The movants will also significantly contribute to full development of the underlying factual issues and to the just and equitable adjudication of the legal questions presented. The candidates and organizations offer a unique, personal and highly relevant factual perspective to the law, its development, and its impact. The movants also offer specialized expertise and substantial familiarity with the legal issues that are presented for

review.  The court will only benefit from their participation.").  Accordingly, the motion for permissive intervention is granted.[4]

### C.      Greenskies's Motion to Intervene

A subsidiary of Greenskies submitted an unsuccessful bid for the DEEP renewable energy contract and as a part of its proposal it was required to submit confidential "pricing information and financial data" that Greenskies contends "has great economic value" and whose "dissemination would have a severe and immediate impact on the company's future business development" because "if another renewable energy developer were to obtain this information, it could use the information to undercut [Greenskies] in future bids, or reverse engineer [Greenskies's] costs and prices."  (Greenskies's Mem. Supp. [Doc. # 36] at 3.)  Defense counsel has informed Greenskies that as part of its discovery responses to Allco's requests for production, it will need to turn over the data that Greenskies contends is confidential and Allco has declined to withdraw this request. (*Id.* at 4.)  Thus, Greenskies "seeks to intervene in this action for the limited purpose of

---

[4] Plaintiff asserts that "the jurisdictional prerequisite for permissive intervention is lacking" because "there is no basis for a claim by Plaintiff against Movants, and no basis for a claim by Movants against Plaintiff" in that Plaintiff's claims under the Federal Power Act could only be brought against a governmental entity and Intervenors have no cause of action against it.  (Pl.'s Opp'n at 7.)  However, federal jurisdiction in this case is already proper under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") and Intervenors do not assert any additional claims that would require a basis for federal jurisdiction.  *See* Wright & Miller, 7C *Fed. Prac. & Proc. Civ.* § 1911 (3d ed.) ("[I]t appears that a permissive intervenor does not even have to be a person who would have been a proper party at the beginning of the suit, since of the two tests for permissive joinder of parties, a common question of law or fact and some right to relief arising from the same transaction, only the first is stated as a limitation on intervention." (footnote omitted)).

objecting to Allco's discovery request and obtaining a modification to the standard protective order to prohibit the defendant from disclosing any of [Greenskies's] trade-secret pricing information or financial data during the course of this litigation." (*Id.*)

"[P]ermissive intervention is the proper method for a nonparty to seek a modification of a protective order." *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005); *see also E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) ("[D]espite the lack of a clear fit with the literal terms of Rule 24(b), every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders."). Greenskies meets the criteria for permissive intervention. Its motion was filed five days after it learned of Allco's discovery request and there is no contention that its intervention for this limited purpose would delay the adjudication of this action or prejudice any party. While Plaintiff opposes this motion, its opposition is directed at the merits of Greenskies's claim that the documents sought in discovery merit protection beyond that provided by the Court's Standing Protective Order. (*See* Pl.'s Opp'n to Greenskies [Doc. # 41].) However, the merits of Greenskies' anticipated motion are not currently before the Court and it is sufficient that Greenskies has shown that its interests are potentially implicated. *See* Wright & Miller, 8A *Fed. Prac. & Proc. Civ.* § 2044.1 (3d ed.) ("[G]ranting intervention does not imply that the protective order will be modified, but provides only that the intervenor may be heard on that subject."). Accordingly, Greenskies's motion for permissive intervention is granted for the limited purpose of objecting to Allco's discovery request and seeking to obtain a modification of the operative protective order.

10

III.   **Conclusion**

For the reasons discussed above, the motions [Doc. ## 28, 29, 35] for permissive intervention are GRANTED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 2nd day of July, 2014.

11